IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| NATHAN POWERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:22-cv-04021-MDH ) |
| MCLARTY CMFO, LLC d/b/a JOE MACHENS FORD and JOE MACHENS FORD LINCOLN, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff Nathan Powers' Motion for Remand. (Doc. 9). Defendant McLarty CMFO, LLC previously filed a Notice of Removal. (Doc. 1). For the reasons set forth herein, the Motion is **GRANTED**. The Court orders the above-captioned case be remanded to the Circuit Court of Boone County, Missouri.

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). "Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019) (citation and internal quotations omitted). A plaintiff may challenge removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing subject-matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

1

Defendant McLarty CMFO, LLC is a limited liability company. Plaintiff is a resident of the state of Missouri. The only basis claimed for this Court to have subject-matter jurisdiction over this state-law whistleblower action is diversity of citizenship. (Doc. 1) The only additional information pled to establish defendant's citizenship for purposes of diversity jurisdiction is contained within the following one sentence from defendant's Notice of Removal: "Defendant is incorporated in Delaware and has its headquarters and principal place of business in Arkansas, making it a citizen of those States for purposes of removal." *Id.* at 2. (citing 28 U.S.C. § 1332(c)).

As a limited liability company, the defendant's citizenship for purposes of diversity jurisdiction is that of its members. *Gmac Commercial Credit v. Dillard Dept. Stores*, 357 F.3d 827, 829 (8th Cir. 2004). The defendant's citizenship is not determined by the state in which it was formed or its principal place of business. "The citizenship of non-incorporated entities like limited liability companies depends on the citizenship of their members." *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019).

The party seeking removal and opposing remand has the burden of establishing federal subject-matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted). Jurisdictional issues, moreover, must be decided *before* deciding other motions such as ECF 4. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) (jurisdiction is "a threshold matter").

Defendant provides no sworn or unsworn statements or other information to establish both the identity and the state of residence for each of its various members. Moreover, Defendant had another opportunity to provide additional information in its Suggestions in Opposition to

2

Plaintiff's Motion for Remand (Doc. 15), but still did not provide any information relevant to the diversity jurisdiction Defendant claims this Court has over the instant case. Accordingly, the Court concludes that Defendant has not met its burden of establish complete diversity of citizenship. Because subject matter jurisdiction has not been established, the Court **GRANTS** Plaintiff's Motion for Remand (Doc. 9), and the above-captioned case is remanded to the Circuit Court of Boone County, Missouri.

**IT IS SO ORDERED.**

Dated: March 31, 2022    /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**